Jason Barrat; AZ Bar No. 029086
**WEILER LAW PLLC**
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
jbarrat@weilerlaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Alexander Roxburgh**, an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**Yogis Teriyaki & Grill, Inc.**, an Arizona company;<br><br>Defendant. | Case No.<br><br>**VERIFIED COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiff Alexander Roxburgh ("**Plaintiff**"), for his Verified Complaint against Defendant Yogis Teriyaki & Grill Inc. ("**Yogis or Entity Defendant**"), hereby alleges as follows:

## NATURE OF THE CASE

1.  Plaintiff brings this action against Defendant for their unlawful failure to pay minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"); A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**" or "**AMWS**"); and failure to make timely payment of wages under the Arizona Wage Statute, A.R.S. §§ 23-350 – 23-355 ("**Arizona Wage Statute**" or "**AWS**").

2.  This action is also brought to recover minimum wage compensation,

liquidated damages, treble damages, and statutory penalties resulting from Defendant's violations of the FLSA and AMWS.

3. This action is also brought to recover unpaid wages, treble damages, and statutory penalties resulting from Defendant's violations of the AWS.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

6. Plaintiff's state law claims are sufficiently related to his federal claim that it forms the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiff's claims under the Arizona Minimum Wage Statute and Arizona Wage Statute pursuant to 28 U.S.C. § 1367.

7. Plaintiff was employed by Defendant in this District.

## PARTIES

8. At all relevant times to the matters alleged herein, Plaintiff Alexander Roxburgh resided in the District of Arizona.

9. Plaintiff Alexander Roxburgh was a full-time employee of Defendant from on or around January 30, 2023, until on or around March 25, 2023.

10. At all relevant times, Plaintiff Alexander Roxburgh was an employee of Defendant as defined by 29 U.S.C. § 203(e)(1).

11. At all relevant times, Plaintiff Alexander Roxburgh was an employee of

Defendant as defined by A.R.S. § 23-362(A).

12. At all relevant times, Plaintiff Alexander Roxburgh was an employee of Defendant Yogis as defined by A.R.S. § 23-350(2).

13. Defendant Yogis is a company authorized to do business in Arizona.

14. Defendant Yogis was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

15. Defendant Yogis was Plaintiff's employer as defined by A.R.S. § 23-362(B).

16. Defendant Yogis was Plaintiff's employer as defined by A.R.S. § 23-350(3).

17. Plaintiff further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

18. Defendant, and each of them, are sued in both their individual and corporate capacities.

19. Defendant ix jointly and severally liable for the injuries and damages sustained by Plaintiff.

20. Plaintiff has a good faith reasonable belief that in his work for Defendant, he was employed by an enterprise engaged in commerce that had or will have annual gross sales of at least $500,000 in 2023.

21. At all relevant times, Plaintiff, in his work for Defendant, was engaged in commerce or the production of goods for commerce.

22. At all relevant times, Plaintiff, in his work for Defendant, was engaged in interstate commerce.

23. Plaintiff, in his work for Defendant, regularly handled goods produced and transported in interstate commerce.

24. Plaintiff would communicate with Defendant via text message.

25. Plaintiff is a covered employee under individual coverage.

26. Plaintiff is a covered employee under enterprise coverage.

## FACTUAL ALLEGATIONS

27. The entity Defendant is a restaurant.

28. On or around January 30, 2023, Plaintiff Alexander Roxburgh commenced employment with Defendant as a cashier.

29. Plaintiff's primary job duties included customer service, communicating orders to the kitchen, bagging food orders, running food, and cleaning.

30. Plaintiff was to be paid $18.00 an hour.

31. Plaintiff was a non-exempt employee.

32. Plaintiff is missing three paychecks.

33. Plaintiff estimates he owed 70 hours of work for a total of $1,260.

34. Plaintiff only received one paycheck while working for Defendants.

35. The paycheck Plaintiff received had an incorrect hourly rate of $16.00 an hour.

36. Defendant failed to properly compensate Plaintiff for his hours worked.

37. Plaintiff, therefore, did not receive his FLSA minimum wage or Arizona minimum wage.

38. Defendant wrongfully withheld wages from Plaintiff by failing to pay all wages due on his next paycheck.

39. Defendant refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

40. Defendant failed to post and keep posted in a conspicuous place the required poster / notice explaining her employee rights under the FLSA pursuant to 29 C.F.R. § 516.4.

41. Defendant's failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COUNT I
### (FAILURE TO PAY MINIMUM WAGE – FLSA – 29 U.S.C. § 206)

42. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

43. At all relevant times, Plaintiff was employed by Defendant within the meaning of the FLSA.

44. Plaintiff was an employee entitled to the statutorily mandated minimum wage.

45. Defendant has intentionally failed and/or refused to pay Plaintiff's minimum wage according to the provisions of the FLSA.

46. As a direct result of Defendant's violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 206.

47. In addition to the amount of unpaid minimum wages owed to Plaintiff, he is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

48. Defendant's actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

49. Defendant knew Plaintiff was not being compensated full minimum wages for time worked.

50. Defendant knew their failure to pay minimum wage was a violation of the FLSA.

51. Defendant has not made a good faith effort to comply with the FLSA.

52. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT II
## (FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)

53. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

54. At all relevant times, Plaintiff was employed by Defendant within the meaning of the Arizona Minimum Wage Statute.

55. Defendant intentionally failed and/or refused to pay Plaintiff's full minimum wages according to the provisions of the Arizona Minimum Wage Statute.

56. In addition to the amount of unpaid minimum wage owed to Plaintiff, he is entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

57. Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

## COUNT III
## (FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUTE)
## (ONLY AGAINST ENTITY DEFENDANT)

58. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

59. At all relevant times, Plaintiff was employed by Entity Defendant within the

meaning of the Arizona Wage Statute.

60. Entity Defendant was aware of its obligation to pay timely wages pursuant to A.R.S. § 23-351.

61. Entity Defendant was aware that, under A.R.S. § 23-353, it was obligated to pay all wages due to Plaintiff.

62. Entity Defendant failed to timely pay Plaintiff his wages due without a good faith basis for withholding the wages.

63. Entity Defendant has willfully failed and refused to timely pay wages due to Plaintiff.

64. As a result of Entity Defendant's unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## **CONCLUSION AND PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendant committed the following acts:

    i. violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

    ii. willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

    iii. violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

    iv. willfully violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

v. willfully violated the Arizona Wage Statute by failing to timely pay all wages due to Plaintiff;

B. For the Court to award compensatory damages, including liquidated or double damages, and / or treble damages, to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), A.R.S. § 23-364(g), and all other causes of action set forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court;

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED March 29, 2023.

**WEILER LAW PLLC**

By: /s/ Jason Barrat
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorneys for Plaintiff

## **VERIFICATION**

Plaintiff Alexander Roxburgh declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and as to those matters, he believes them to be true.

_____
Alexander Roxburgh

WEILER LAW PLLC
5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

Doc ID: f39df40aa6e9db245077a38e9de8175ab3d58764